IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-25,237-04






EX PARTE DELBERT WAYNE COLQUITT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR-28968-A IN THE 217TH JUDICIAL DISTRICT COURT

FROM ANGELINA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance in a drug free zone, and was sentenced to eight years' imprisonment. 

 On February 9, 2011, this Court remanded this application to the trial court for findings of
fact and conclusion of law addressing Applicant's claims of ineffective assistance of trial counsel. 
Applicant alleged, inter alia, that counsel did not advise him of the effect of the drug free zone
allegation on his parole eligibility. On February 2, 2012, the trial court made findings of fact and
conclusions of law that were based on the plea papers, the reporter's record of the plea hearing, and
an affidavit filed by Applicant's trial counsel. The trial court concluded that the performance of
Applicant's trial attorney was not deficient, and recommended that relief be denied.

 In his affidavit, trial counsel states that Applicant was advised that the drug free zone
allegation would have an effect on his parole eligibility. Counsel states that Applicant was advised
that he would have to serve one half of his sentence before he was eligible for parole. In fact, the
drug free zone allegation had the effect of requiring Applicant to serve five years without
consideration of good time credit, or his entire sentence, whichever is less. Tex. Gov't Code §
508.145(e) (2006). Counsel therefore gave Applicant incorrect advice as to the effect of the drug
free zone allegation on his parole eligibility. In light of this Court's recent decision in Ex parte
Moussazadeh, Nos. AP-76,439 and AP-74,185 (Tex. Crim. App. February 15, 2012), this Court finds
that counsel's performance was deficient in this respect. However, unlike the applicant in
Moussazadeh, Applicant in this case has not established that he was prejudiced by counsel's
deficiency. Applicant will be eligible for parole in five years, as opposed to the four years he would
have had to serve had counsel's advice been true. In exchange for his plea of guilty, the State waived
five enhancement paragraphs, which would have exposed Applicant to punishment as a habitual
felony offender with a minimum punishment of 25 years' imprisonment. Applicant has not
demonstrated that he would not have pleaded guilty but for counsel's erroneous advice as to parole
eligibility. 

 

 Therefore, based on the trial court's findings of fact and conclusions of law as well as this 

Court's independent review of the entire record, we deny relief.

 


Filed: March 21, 2012

Do not publish